MARSH DELASHMUTT, Appellant, v. JESSE MCCOY et al., Appellees.

**PARENT AND CHILD:** Right to Custody of Child.   Evidence re-
1   viewed, and held to show that the interests of the child in ques-

tion would best be conserved by remaining with its grandparents.

HABEAS CORPUS: Findings Equal to Jury Finding. Findings of the trial court in habeas corpus have the standing of findings by a jury.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

MARCH 15, 1920.

THE opinion sufficiently states the case.—*Affirmed.*

*Prichard & Prichard,* for appellant.

*Jepson & Struble,* for appellees.

WEAVER, C. J.—This is a habeas corpus proceeding, begun in the district court of Woodbury County, to determine the right to the custody of a minor child, Helen May Delashmutt. The mother of the child is dead, the plaintiff is her father, and the defendants are her maternal grandparents. The trial court, having heard the evidence offered by the parties, found for the defendants, and remanded the child to their keeping. Plaintiff appeals.

1. PARENT AND CHILD: right to custody of child.

We shall not attempt any protracted statement of the facts. The proceedings are legal in character, and, in so far as the finding or judgment of the trial court involves any consideration of disputed matters of fact, it comes to us sustained by the same presumption of correctness which attaches to the verdict of a jury in ordinary actions generally. The evidence was such as would justify the court in finding, and we may presume it did find, that plaintiff and wife were married in July, 1914; that the families on both sides are farmers, in comfortable circumstances, but that the young couple had little means of their own, except in

2. HABEAS CORPUS: findings equal to jury finding.

their capacity to do the labor usual in farming communities; that the plaintiff is deficient in steadiness and industry; and that, during the period between his marriage, in July, 1914, and his entrance into the army, in July, 1918, his work and employment were of a fitful and irregular character. The wife, too, went out to service. There were times, also, when they found a temporary home with their parents and other relatives on either side. Whether because of absence of real family and home life, or for other reasons into which we need not inquire, there developed a lack of harmony between the parties, which the birth of the child did not serve to cure. On at least two occasions, they separated, and, for a year before plaintiff went into the army, they had not lived together. During that time, the wife worked for her brother, and the child was kept and maintained by her parents, the defendants herein.

At one time, she instituted proceedings for divorce, on the ground of cruel and inhuman treatment, but the case was never brought to trial. After about six months' military service, plaintiff returned to the neighborhood of his former home. Very soon thereafter, the wife became sick, and was taken from her brother's home to the hospital, where she died. A few hours before her death, plaintiff visited her at the hospital, and, as she had embraced the Catholic faith, they went through the form of a religious marriage service, at her request. The expenses of her last sickness and burial were paid by her parents or other members of her family.

In the event that he is awarded the custody of the child, the appellant, who has no property of his own, expresses the purpose to give it into the care of his father and mother, until he shall have made or obtained a home for himself. The parents express their willingness to receive and care for and educate the child, and to "adopt her, if necessary." The defendants, having had her in their care for a long time, are naturally attached to her, and desire to retain her

custody. They are apparently both willing and reasonably able to give her a comfortable home and proper nurture. Indeed, the practical question presented seems to turn less upon the legal right of the plaintiff to the charge of the child than upon the question between the paternal and maternal grandparents, as to which shall furnish the motherless child a home.

Without any disparagement of the ability or good faith of the plaintiff's parents, we think the finding of the trial court that the defendants have the better right in the premises, and that the interests of the child will be best conserved by leaving her in the charge of those who have had her principal care during most of her life, has ample support in the evidence, and the order and judgment appealed from should be—*Affirmed.*

EVANS, PRESTON, and SALINGER, JJ., concur.